UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD GEORGE EAST,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WARDEN BRENT FLUKE, MIKE DURFEE STATE PRISON; ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>　　　　　Defendants. | 4:24-CV-04030-LLP<br><br>SCREENING REPORT RECOMMENDING DISMISSAL |

## INTRODUCTION

Donald George East, representing himself, filed a habeas petition with this court pursuant to 28 U.S.C. § 2254. Docket No. 1. Mr. East is confined in prison pursuant to a February 4, 2014, judgment of conviction of a South Dakota state court. Id. at p. 1. This court has screened Mr. East's petition as required by Rule 4 of the Rules Governing 2254 Cases and concluded it must be dismissed.

## FACTS

The following facts are taken from Mr. East's petition as the court has not yet received or reviewed any state court files. Mr. East was convicted by his pleas of guilty to two counts of sexual contact with a child under the age of

16 and one count of abuse or cruelty to a minor. Docket No. 1 at p. 1. He was sentenced to 15 years' imprisonment on each of the two sexual contact charges with 2 years suspended. Id. The sentences were ordered to be served consecutively. Id. He was sentenced to 10 years' imprisonment on the abuse or cruelty charge with 2 years suspended, also to be served consecutively to the other sentences. Id.

Mr. East pursued an unsuccessful direct appeal to the South Dakota Supreme Court, arguing that his sentences represented cruel and unusual punishment. Id. at p. 2; State v. East, 861 N.W.2d 785 (S.D. 2015) (table).

Seven years after his sentencing, Mr. East filed his first state habeas petition on July 7, 2021. Docket No. 1 at p. 3. In that petition he alleged his former counsel had been constitutionally ineffective. Id. The state habeas court denied the petition as untimely. Id. South Dakota has a two-year statute of limitations for filing a habeas petition, which begins running (in Mr. East's case) when the underlying conviction becomes final. SDCL § 21-27-3.3(1). Mr. East did not pursue an appeal to the state supreme court of the circuit court's dismissal of his petition. Docket No. 1 at p. 5.

The next year, 2022, Mr. East filed another state habeas petition. Docket No. 1 at p. 4. The state circuit court denied leave to file a second or successive habeas petition on July 25, 2022. Id. Again, Mr. East did not appeal this decision. Id. at p. 5.

On November 2, 2023, Mr. East filed a third state habeas petition alleging actual innocence, newly discovered evidence, and ineffective assistance

of counsel. Id. at p. 4. The state circuit court refused to entertain this petition in an order entered November 28, 2023. Id. at p. 5. Mr. East *did* appeal this third denial of habeas relief to the state supreme court, but that court denied relief on February 9, 2024. Id. at p. 6.

Mr. East filed his federal habeas petition with this court alleging newly discovered evidence, actual innocence, and ineffective assistance of counsel a few days later. Id. at pp. 6-8.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 cases requires a judge to "promptly examine" a new petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases. This court concludes that Mr. East's petition must be dismissed.

**A.    Mr. East's Petition is Procedurally Defaulted**

A state prisoner seeking federal habeas relief must show that he has first "exhausted the remedies available in the court of the State" unless there is no available state corrective process or such process as exists is ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A petition that was not exhausted is considered procedurally defaulted when it is not possible for the petitioner to return to state court and exhaust his claims. Coleman v. Thompson, 501 U.S. 722, 731-32, 735 n.1 (1991). If federal courts reached the

merits of claims on which the petitioner procedurally defaulted in state court, it would represent an "end run" around state procedural rules.  Id.

As evidenced by Mr. East's repeated filings of habeas petitions in state court, it is not possible for him to return to state court and exhaust his claims. His claims are, therefore, procedurally defaulted.

There are two avenues by which a petitioner can still obtain review on the merits in federal court of procedurally defaulted claims:  (1) by showing cause for the default and actual prejudice as a result of the claim or (2) by showing that failure to consider the merits of the claims will result in a fundamental miscarriage of justice.  Id. at 750.  So far, the only miscarriage of justice recognized by the United States Supreme Court is a claim of actual innocence. Cf. Wallace v. Lockhart, 12 F.3d 823, 827 (8th Cir. 1994) (citations omitted).  Mr. East makes no attempt to show cause and prejudice.  Instead, he concentrates his arguments on actual innocence.

**B.    Mr. East Has Not Made a Colorable Claim of Actual Innocence**

Actual innocence is not an independent constitutional claim upon which habeas relief can be granted; instead, it is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits."  Schlup v. Delo, 513 U.S. 298, 315 (1995). "Actual innocence means factual innocence," it does not mean "mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).  Actual innocence claims are rarely successful as

4

they require the petitioner to carry an exacting burden.  Schlup, 513 U.S. at 324.

Actual innocence can be a gateway to excuse "severely confined categor[ies] of cases" involving procedural defaults:  expiration of the statute of limitations, successive petitions (reasserting claims previously asserted in an earlier petition), abusive petitions (asserting claims that could have been but were not asserted in an earlier petition), failure to raise a constitutional claim on direct appeal, failure to develop facts in state court, and failure to observe state procedural rules, including filing deadlines.  McQuiggin v. Perkins, 569 U.S. 383, 386, 392-93, 395 (2013).

In order to show actual innocence, Mr. East must (1) produce "new reliable evidence" not presented previously; and (2) he must "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he pleaded guilty and was convicted."  Schlup, 513 U.S. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).  If the plea agreement resulted in the government foregoing other, more serious charges, then Mr. East's "showing of actual innocence must also extend to those [more serious] charges."  Apker, 174 F.3d at 939 (quoting Bousley, 523 U.S. at 624).  The government is allowed to rebut petitioner's showing of actual innocence, and is "permitted to present any admissible evidence of petitioner's guilt even if that

evidence was not presented during petitioner's plea colloquy." Bousley, 523 U.S. at 624.

Evidence is "new" only if it was not available at the time of the plea and if it "could not have been discovered earlier through the exercise of due diligence." Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999). A petitioner can make the new evidence showing only where he demonstrates that the factual basis for the evidence did not exist at the time of the plea and could not have been presented earlier. Pickens v. Lockhart, 4 F.3d 1446, 1450 (8th Cir. 1993). The evidence must not only be "new"; it must also be "reliable." Schlup, 513 U.S. at 324.

Here, the "new evidence" Mr. East relies upon to show his "actual innocence" is allegedly the testimony of Maria Stys, M.D., who Mr. East says will testify that Mr. East was unable to get an erection due to a medical condition of spina bifida for which he had surgery shortly after his birth. See Docket No. 2 at p. 6. Mr. East claims he never knew, until he received Dr. Stys' letter, that his spina bifida condition was the cause of his inability to get an erection. Id. at p. 7. Mr. East also states that growing up, he underwent MRIs throughout his childhood to monitor the neurological erectile/ejaculatory dysfunctions he suffered due to his spina bifida. Id.

Mr. East states that Dr. Stys' evidence, together with that from Dr. Hathaway, a urologist who recently saw Mr. East, would conclusively show that Mr. East's clinical condition at the time of the alleged crime was such that

6

he could not have gotten an erection.  Id.  Mr. East asserts that he has been unable to obtain an erection since birth and, therefore, he was incapable of committing the crimes he was accused of.  Id. at pp. 7-8, 12.

But this is not new evidence.  While the cause of Mr. East's alleged inability to have an erection may have eluded him until he received Dr. Stys' letter, he assuredly knew he was unable to have an erection at the time of his criminal proceedings.  By his own admission, his erectile dysfunction is a lifelong condition he has suffered from.  Id. at p. 6 ("East has never been able to get an erection.").

Also, it is not clear on this record that Mr. East was charged with or pleaded guilty to penile penetration of any of his minor victims.  There are other ways to commit sexual contact with a minor other than with one's genitals, so the inability to have an erection is not necessarily proof of innocence.  See SDCL §§ 22-22-7 to -7.1.

Mr. East also points to the fact that the rape kits conducted on the two victims may have been contaminated when a police officer brought the kits to the crime scene, that both girls' hymens were intact, that the condom recovered from Mr. East's garbage can had no DNA or hairs on it from Mr. East, and other details.  Docket No. 2 at pp. 7-11.  These facts are not new either.  These facts would have been known to Mr. East at the time of his criminal proceedings.  This information and Mr. East's arguments could have been brought up on direct appeal or in a habeas petition filed immediately after

the direct appeal concluded.  Mr. East did neither.  It was more than six years before Mr. East filed his first state habeas petition.

All of the facts presented in Mr. East's petition and brief—the inability to get an erection, inconsistencies and problems with the evidence at trial—were known to him or could have been known to him with the exercise of due diligence well within the two years allowed under South Dakota law to file a habeas petition.  Actual innocence is an exacting standard to meet.  Schlup, 513 U.S. 324.  Even crediting all the assertions made by Mr. East in his federal habeas petition, the court concludes that he cannot meet that standard.  Because his claims are procedurally defaulted and Mr. East has not demonstrated grounds to excuse his default, the court recommends dismissal of Mr. East's petition.  It plainly appears he is not entitled to relief.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that Donald East's § 2254 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely

and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of February, 2024.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge