UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DONALD GEORGE EAST, | CIV 24-4030 |
| Petitioner, | |
| vs. | ORDER |
| WARDEN BRENT FLUKE, Mike Durfee State Prison; ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner brings this *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, Doc.1. Magistrate Judge Duffy filed a Report and Recommendation on February 16, 2024, Doc. 7, recommending the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed. Petitioner filed his Objections to the Report and Recommendation, Doc. 10, on February 29, 2024. The Court having reviewed this file *de novo*,

Judge Duffy explained in detail how Petitioner had procedurally defaulted in pursuing his claims, so his Petition had to be dismissed with prejudice.

Judge Duffy also recognized the one exception to a dismissal is a meeting of the fundamental miscarriage of justice exception. To meet that exception, Petitioner must show that new evidence "has probably resulted in a conviction of one who is actually innocent...." *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). Put another way "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013).

In support of his actual innocence claim, Petitioner now has medical doctors who confirm that Petitioner has an inability to get an erection due to a congenital neurological condition of the

lower back, spina bifida.

The medical doctors and their opinions are new to the case but inability to get an erection is not new evidence. The claimed inability to get an erection would also have existed at the time of the offenses and during the time in which the charges were being defended. So the fact of not being able to get an erection is not new evidence. The medical doctors confirming that an already existing fact is not separate new evidence. That claimed defense of not being able to get an erection was always available. The medical doctors opinions only reinforce the condition that was always there for a claimed defense.

The Court uses the word "claimed defense" because the inability to get an erection is not a defense in this case. If failure to be able to get an erection was a defense to the charges he pled guilty to, that defense existed at the time of the guilty pleas so that defense cannot be raised now for the first time as inability to get an erection is not new evidence. *Pickens v. Lockhart*, 4 F.3d 1446, 1450 (8th Cir. 1993). By his own admission, East's inability to get an erection is not new evidence. Mr. East has known from before the offense conduct that he could not get an erection. In addition to all of the above, even if East's inability to get an erection was new evidence, that new evidence would not invalidate East's pleas of guilty. The reason is that East did not plead guilty to rape. East instead pled guilty to sexual contact with a child under the age of 16 and abuse or cruelty to a minor. Neither of those crimes require sexual penetration as is required for a rape charge. Even a rape charge does not require penetration by a penis, as the rape charge can result, for example, from digital penetration.

Even if the lack of ability to get an erection was new evidence, which it is not, that evidence would not be a defense to the charges as a man does not have to be able to get an erection to be able to commit the crimes Mr. East pled guilty to.

Accordingly, Mr. East cannot meet the actual innocence requirement which is an exception to the rule for procedural default. Procedural default is when the state court remedies were not exhausted and it is too late for Mr. East to return to state court to exhaust his claims before again returning to federal court. The Report and Recommendation is adopted and the appeal from the Report and Recommendation is denied. Mr. East has procedurally defaulted and his case is dismissed with prejudice.

Accordingly,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 7, is ADOPTED by the Court in its entirety.

2. That Petitioner's Objections to Report and Recommendation, Doc. 10, are DENIED.

3. That Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is DENIED with prejudice.

4. That a Certificate of Appealability shall not issue.

Dated this 18th day of September, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK